IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10528
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO HERNANDEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-143-1-Y
- - - - - - - - - -

February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Alvaro Hernandez (Hernandez) appeals his conviction and sentence pursuant to a guilty plea for possession with intent to distribute of more than five kilograms of cocaine. 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). On appeal, Hernandez argues that the district court improperly double counted when adjusting his sentence level upward by four levels for being an organizer or leader of a criminal activity involving five or more

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

participants under U.S.S.G. § 3B1.1(a).  Hernandez does not dispute the underlying facts of this case, nor does he claim that he was not an organizer or leader as defined by the sentencing guidelines.  He only asserts that the application of § 3B1.1(a) violates the Fifth Amendment's Double Jeopardy Clause.

The district court's application and interpretation of the sentencing guidelines are matters of law subject to *de novo* review.  *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1179 (5th Cir. 1993).  In the present case, Hernandez did not raise this issue before the district court and it is reviewed for plain error.  *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994)(en banc).

A four-level upward adjustment for being an organizer or leader does not constitute impermissible double counting.  *United States v. Godfrey*, 25 F.3d 263, 264 (5th Cir. 1994).  Double counting under the sentencing guidelines does not violate the Double Jeopardy Clause, and is permitted unless the guideline in question specifically prohibits double counting.  *Witte v. United States*, 515 U.S. 389, 402-03 (1995); *United States v. Jones*, 145 F.3d 736, 736-37 (5th Cir. 1998); *United States v. Gonzalez*, 996 F.2d 88, 93 (5th Cir. 1993).  Accordingly, the sentence assessed by the district court should be affirmed.

AFFIRMED.